1  AVIV L. TUCHMAN, ESQ., SB#133321
2  ANDREW C. JHUN, ESQ., SB#251604
   TUCHMAN & ASSOCIATES
3  6080 West Pico Boulevard
   Los Angeles, California 90035
4  Tel:   (323) 653-7100
   Fax:   (323) 653-7400
5
6  Attorneys for Plaintiff
   HILTON & HYLAND REAL ESTATE, INC.

7              UNITED STATES DISTRICT COURT
8              CENTRAL DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| HILTON & HYLAND REAL ESTATE, INC., | Case No.: 2:15-cv-03417 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT § 32); |
| HYLAND PREMIER PROPERTIES; DENNIS HSII, an individual; VIVIAN YOON, an individual, | 2. FEDERAL UNFAIR COMPETITION (LANHAM ACT § 43(A)); |
| Defendants. | 3. CALIFORNIA UNFAIR COMPETITION (B&P CODE §§ 17200 ET SEQ.); |
| | 4. CALIFORNIA TRADEMARK INFRINGEMENT (B&P CODE §§ 1425 ET SEQ.); AND |
| | 5. COMMON LAW TRADEMARK INFRINGEMENT |
| | DEMAND FOR JURY TRIAL |

Plaintiff, Hilton & Hyland Real Estate, Inc. ("Hilton & Hyland"), by and through its attorneys, for its complaint against defendants, Hyland Premier Properties ("Hyland Premier"), Dennis Hsii ("Hsii"), and Vivian Yoon ("Yoon") all collectively referred to as "Defendants," hereby alleges as follows:

## NATURE OF ACTION

1. In this action, Plaintiff seeks injunctive relief, lost profits, damages, and attorney's fees for Defendants' acts of service mark infringement, false designation of origin, false descriptions, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. section 1051 *et seq.* and service mark infringement and dilution, deceptive acts and practices, injury to business reputation and dilution, and unfair competition under the common law and statutes of the State of California.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. section 1121 and 28 U.S.C. sections 1331 and 1338.

3. The actions of Defendants complaint of in this Complaint have been and continue to be committed, at least in part, within in the Central District of California.

4. Upon information and belief, Defendants contract to supply services and transact business in the State of California, and within this judicial district, and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the use of Defendants' infringing service marks, have been and continue to be committed, and have caused harm to Plaintiff within this judicial district. Accordingly, personal jurisdiction exists over Defendants.

5. Venue is proper in this district pursuant to 28 U.S.C. section 1391.

## THE PARTIES

6. Hilton & Hyland is a real estate brokerage formed under the laws of the State of California and licensed by the California Bureau of Real Estate having its principal place of business at 250 North Canon Drive in Beverly Hills, California 90210.

7. Hilton & Hyland is the owner of service marks "Hilton & Hyland" (hereinafter the "Service Mark"). It provides real estate brokerage services specializing in luxury properties in the Los Angeles and Beverly Hills regions.

8. Upon information and belief, Hyland Premier Properties is a corporation organized and existing under the laws of the State of California, having its principal place of business at 606 North La Brea Avenue in Los Angeles, California 90036.

9. Upon information and belief, Dennis Hsii is an individual, residing in or near Los Angeles, California and an officer, director, principal manager and/or owner of Hyland Premier.

10. Upon information and belief, Vivian Yoon is an individual, residing in or near Los Angeles, California and an officer, director, principal manager and/or owner of Hyland Premier.

11. At all times relevant to this complaint, on information and belief, Defendant Hsii, through action and/or omission, and acting personally and/or in concert with Defendant Yoon, aided abetted, controlled, actively directed and/or caused Hyland Premier to commit the tortious acts complained of herein and further acted as the alter ego of Hyland Premier.

12. At all times relevant to this complaint, on information and belief, Defendant Yoon, through action and/or omission, and acting personally and/or in concert with Defendant Hsii, aided abetted, controlled, actively directed and/or caused Hyland Premier to commit the tortious acts complained of herein and further acted as the alter ego of Hyland Premier.

## GENERAL ALLEGATIONS

13. Hilton & Hyland has since at least 1993 been engaged in the business of providing real estate brokerage services, namely providing real estate brokerage services relating to luxury real estate (the "Services") under the Service Marks "Hilton & Hyland" and "Hilton & Hyland

Real Estate". Hilton & Hyland's name derives from the names of its principals Rick Hilton and Jeffrey Hyland.

14. Hilton & Hyland is the owner of U.S. Trademark Registration No. 3,997,675 and 3,997,660 (the "Registration") for the service mark "HILTON & HYLAND" in connection with the Services.

15. Hilton & Hyland has used the service mark "HILTON & HYLAND" continually and extensively in commerce since at least 1993 and is currently making such use.

16. The Service Marks, as applied to the Services, by virtue of Hilton & Hyland's long, continuous and extensive use thereof, have acquired a strong secondary meaning and have become distinctive and famous and representative of providing brokerage services relating to luxury real estate in the Los Angeles and Beverly Hills regions.

17. Without the authorization or consent of Hilton & Hyland, and long after Hilton & Hyland built up extensive and valuable business and goodwill in connection with the Service Marks, Defendants commenced to use, in interstate commerce, the service marks "HYLAND PREMIER PROPERTIES", "HYLAND PREMIER", and "HYLAND REAL ESTATE COMPANY" (collectively, the "Infringing Marks"), which are confusingly similar to the Service Marks, in connection with real estate brokerage services in the Los Angeles and Beverly Hills areas.

18. On information and belief, Defendants Hsii and Yoon had actual knowledge of Hilton & Hyland's long and continuous use of the Service Marks in connection with the Services prior to the time Defendants adopted and began to use the Infringing Marks in connection with the Infringing Services as of November 20, 2014.

19. Upon information and belief, Defendants Hsii and Yoon aided, abetted, controlled, actively directed and/or caused Defendant Hyland Premier to adopt and commence use of the Infringing Marks for the Infringing Services.

20. Upon information and belief, Defendants adopted the Infringing Marks in connection with the Infringing Services with the intent to deceive consumers and to cause confusion among purchasers, for the purpose of benefiting from the goodwill and public

recognition associated with Hilton & Hyland's Service Marks and Services, and of diverting sales and requests for services from Hilton & Hyland to Defendants.

21. Defendants' Infringing Marks consist of Hilton & Hyland's Service Marks by using the name "Hyland" in conjunction with the words "Premier Properties" or "Real Estate Company" which are both phrases associated with the exact same types of Services that Hilton & Hyland provides, namely real estate brokerage services.

22. Upon information and belief, Defendants maintain no personnel or affiliations with persons by the name of "Hyland" nor do they maintain any other legitimate reason to use the name "Hyland" in connection with their services.

23. Plaintiff and Defendants are engaged in the business of providing luxury real estate brokerage services to the same class of customers, through the same or similar channels of trade.

24. Upon information and belief, the aforementioned acts of Defendants have already caused and will continue to cause substantial, actual, and/or likely confusion, mistake, and/or deception with Hilton & Hyland and its Service Marks, and/or result in the mistaken belief by persons who seek Hilton & Hyland's services and others that Defendants or their services are sponsored, approved or licensed by Hilton & Hyland, or are otherwise connected with Hilton & Hyland. In fact, under the allegations set forth above, such consumer confusion, mistake or deception is inevitable. Furthermore, Defendants' acts have already damaged, and will continue to damage, Hilton & Hyland's reputation and goodwill associated with its Service Marks and the Services offered thereunder, which constitute extremely valuable business assets of Hilton & Hyland.

25. On April 10, 2015, Hilton & Hyland notified Defendants of its rights in and to the service mark "Hilton & Hyland" and demanded that Hyland Premier cease and desist use of this mark. Defendants have continued to use the Service Marks despite this and subsequent correspondence and contacts by and between Hilton & Hyland and Hyland Premier.

COMPLAINT FOR STATE, FEDERAL AND
COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## FIRST CAUSE OF ACTION

### (Trademark Infringement (Lanham Act § 32))

26. Plaintiff repeats and re-alleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated as though set forth in full herein.

27. By virtue of Defendants' conduct, Defendants have used and intend to continue to use spurious marks in connection with providing real estate brokerage services.

28. Upon information and belief, Defendants' conduct has been willful, malicious and intentional, and Defendants will continue their acts of willful infringement unless enjoined by this Court.

29. By virtue of Defendants' conduct, Defendants are engaged in infringement of Hilton & Hyland's federally registered Service Mark, in violation of the Lanham Act section 32, 15 U.S.C. section 1114(1), by using a mark wherein such use is likely to cause confusion, or to cause mistake, or to deceive.

30. Upon information and belief, Defendants have made unlawful gains and profits from such unlawful infringement and, by reason thereof, Plaintiff has been deprived of rights and profits which otherwise would have come to Plaintiff, but for such infringements.

31. Plaintiff has no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

32. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's monetary damages caused by Defendants' wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend the complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

COMPLAINT FOR STATE, FEDERAL AND
COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## SECOND CAUSE OF ACTION

**(Service Mark Infringement, False Designation of Origin, False Description, and Unfair Competition (Lanham Act § 43(A))**

33. Plaintiff repeats and re-alleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated as though set forth in full herein.

34. The Infringing Marks "HYLAND PREMIER PROPERTIES", "HYLAND PREMIER" and "HYLAND REAL ESTATE COMPANY" are similar to the Plaintiff's Service Mark "HILTON & HYLAND" which Service Mark has been in continuous use since at least 1993.

35. By virtue of Defendants' conduct, Defendants have used and intend to continue to use spurious marks, including the Infringing Marks, in connection with the sale and distribution of the Infringing Services in interstate commerce, which marks are identified with the Service Mark, a valid, strong, and subsisting service mark that is presently in use.

36. The acts and conduct of Defendants are and have been willful, unfair, untrue and deceptive, in that they tend to mislead, deceive and confuse, and have had, and will have, the result of misleading, deceiving and confusing the public to believe that Defendants and/or their Infringing Services are affiliated with, sponsored, and/or controlled by Hilton & Hyland. As a consequence, Defendants have traded upon, and gained public acceptance and other benefits from Hilton & Hyland's favorable reputation, and Hilton & Hyland's favorable reputation has been placed at risk by Defendants' illegal acts and conduct.

37. The acts of Defendants constitute trademark infringement, and the use of a false designation of origin, a false representation, and unfair competition, by inducing the erroneous belief that Defendants and/or their Infringing Services are in some manner affiliated with, originate from, or are sponsored by Hilton & Hyland, and by misrepresenting the nature and/or origin of Defendants' Infringing Services, all in violation of Lanham Act section 43(a), 15 U.S.C. section 1125(a).

38. The acts of Defendants have caused irreparable harm and damage to Plaintiff and will continue to cause irreparable harm to Plaintiff, and have caused Plaintiff to suffer monetary damage in an amount thus far not determined.

39. Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

40. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's monetary damages caused by Defendants' wrongful conduct, Plaintiff is informed and believe sand, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if and when the extent the damages are ascertained.

### THIRD CAUSE OF ACTION

(Unfair Competition (California *Bus. & Prof. Code* §§ 17200 *et seq.*))

41. Plaintiff repeats and re-alleges each allegation contained in the prior paragraphs and the same are incorporated as though set forth in full herein.

42. Plaintiff has suffered injury-in-fact as a result of Defendants' aforementioned conduct.

43. The foregoing acts of Defendants constitute willful, deceptive acts and practices and unfair competition in the conduct of business, trade and/or commerce, in violation of California *Bus. & Prof. Code* sections 17200-17210 for which Plaintiff is entitled to injunctive relief, actual damages, and disgorgement of any unjust enrichment.

### FOURTH CAUSE OF ACTION

(California Trademark Infringement, Dilution and Deceptive Acts and Practices

(California *Bus. & Prof. Code* §§ 14245 *et seq.*))

44. Plaintiff repeats and re-alleges each allegation contained in the prior paragraphs and the same are incorporated as though set forth in full herein.

45. The foregoing acts of Defendants constitute trademark infringement in violation of California *Bus. & Prof. Code* section 14245, for which Plaintiff is entitled to injunctive relief, profits, and damages.

46. The foregoing acts of Defendants will create a likelihood of injury to the public image and business reputation of Hilton & Hyland, in that the public will likely associate Defendants' Infringing Mark and Infringing Services with Hilton & Hyland's Service Marks and Services, and cause the dilution of the distinctive quality of Hilton & Hyland's Service Marks, all in violation of California *Bus. & Prof. Code* section 14247, for which Plaintiff is entitled to injunctive relief.

## FIFTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

47. Plaintiff repeats and re-alleges each allegation contained in the prior paragraphs and the same are incorporated as though set forth in full herein.

48. The acts of Defendants and Defendants' use of the Infringing Mark constitute service mark infringement, in violation of the common law of the State of California.

49. Upon information and belief, Defendants have intentionally appropriated Hilton & Hyland's Service Marks with the intent of causing confusion, mistake and deception as to the source of the Infringing Services with the intent to pass off their Infringing Services as those of Hilton & Hyland's genuine Services, and as such, Defendants have committed unfair competition in violation of the common law of the State of California.

50. The foregoing acts of Defendants have injured and will continue to injure Plaintiff, by depriving Plaintiff of sales of genuine Services, by injuring Hilton & Hyland's business reputation, and by passing off Defendants' Infringing Services as Hilton & Hyland's genuine pServices, all in violation of the common law of the State of California.

51. Defendants' acts have caused irreparable harm and damage to Plaintiff and have caused Plaintiff monetary damage in an amount to be determined at trial, for which Plaintiff is entitled to its actual damages, Defendants' profits, punitive damages, attorney's fees and costs.

52. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff Hilton & Hyland Real Estate, Inc. demands judgment jointly and severally against Defendants Hyland Premier Properties, Inc.; Dennis Hsii, an individual; and Vivian Yoon, an individual as follows:

1. That Defendants' conduct serves to infringe Hilton & Hyland's federally registered Service Mark in violation of Lanham Act section 32, 15 U.S.C. section 1114.

2. That Defendants' conduct serves to infringe Hilton & Hyland's Service Marks, falsely designate the origin of Defendants' Infringing Services, falsely describe such Infringing Services, and unfairly compete with Hilton & Hyland, all in violation of Lanham Act section 43(a), 15 U.S.C. section 1125(a).

3. That Defendants' conduct violates the provisions of California *Bus. & Prof. Code* sections 14240, 14245, 14247 and 17200-17210 and constitutes service mark infringement, unfair competition interference under the common law of the State of California.

4. That Defendants and their agents, officers, directors, servants, employees, attorneys, their successors and assigns, and all others in active concert or participation with Defendants be preliminarily and permanently enjoined from directly or indirectly:

    a. Using Hilton & Hyland's Service Marks, or any other marks which are similar to or are colorable imitations of Hilton & Hyland's Service Marks, including any known or common acronyms for such Service Marks such as "H&H", used alone or together with any geographic designation, alone or as a part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

    b. Committing any act that, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendants' Infringing Services;

   c.   Otherwise unfairly competing with Plaintiff, or committing dilution or infringement of Hilton & Hyland's rights.

5. That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

6. That the Court award judgment in favor of Plaintiff for the amount of either damages sustained by Plaintiff and the profits made by Defendants as a result of Defendants' wrongful conduct.

7. That the Court award judgment in favor of Plaintiff in the amount of treble damages.

8. That the Court award judgment against Defendants for the full costs of this action, including reasonable attorney's fees.

9. That the Court award to Plaintiff punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

10. That the Court require a full and complete accounting of all monies received by Defendants as a result of the Infringing Services.

11. That the Court require disgorgement of all moneys by which Defendants have been unjustly enriched due to their unlawful conduct.

12. For interest on all amounts found to be due to Plaintiff from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or become due.

13. That the Court require Defendants to notify their commercial associates, suppliers and customers of this Order.

14. That the Court order such other, further and different relief as the nature of this action may require and that the Court may deem just and proper.

15. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the

1  modification of any such order, for the enforcement or compliance therewith and for the
2  punishment of any violations thereof.
3
4  Dated: May 6, 2015                    **TUCHMAN & ASSOCIATES**
5
6                                         By: _____
7                                         AVIV L. TUCHMAN
                                          Attorney for Plaintiff
8                                         HILTON & HYLAND REAL ESTATE, INC.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR STATE, FEDERAL AND
COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

## DEMAND FOR JURY TRIAL

Plaintiff, Hilton & Hyland Real Estate, Inc. hereby demands a trial by jury on all issues so triable.

Dated: May 6, 2015

**TUCHMAN & ASSOCIATES**

By: /s/ Aviv L. Tuchman
AVIV L. TUCHMAN
Attorney for Plaintiff
HILTON & HYLAND REAL ESTATE, INC.