JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON & HYLAND REAL ESTATE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HYLAND PREMIER PROPERTIES; DENNIS HSII, an individual; VIVIAN YOON, an individual, <br><br> Defendants. | Case No.: 2:15-cv-03417-AB-AGR <br><br> [proposed] **CONSENT DECREE ORDER AND PERMANENT INJUNCTION PROHIBITING THE USE OF NAME "HYLAND PREMIER PROPERTIES"** |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree and Permanent Injunction that has been executed on behalf of Plaintiff Hilton & Hyland Real Estate, Inc. on the one hand ("Plaintiff") and Defendants Hyland Premier Properties; Dennis Hsii, an individual; Vivian Yoon, an individual (collectively "Defendants") on the other hand, and good cause appearing therefore, hereby:

ORDERS that this Consent Decree shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.* 17 U.S.C. §501, 28. U.S.C. §§ 1331 and

1

1338, and 28 U.S.C. § 1367. Defendants, and each of them, make a general appearance and submit to the jurisdiction of this court by the entry of this consent decree.

2) Hilton & Hyland Real Estate, Inc. is the owner of the trademark "Hilton & Hyland" relating to real estate brokerage services, including, Registration Nos. 3,997,675 and 3,997,660 (the "Trademarks").

3) Plaintiff has alleged that Defendants, and each of them, infringed the Trademarks by use of the name "Hyland Premier Properties".

4) On May 6, 2015, Plaintiff sued Defendants for Federal Trademark Infringement (Lanham Act § 32); Federal Unfair Competition (Lanham Act § 43(A)); California Unfair Competition (B&P Code §§ 17200 *et seq*.); California Trademark Infringement (B&P Code §§ 1425 *et seq*.); and Common Law Trademark Infringement.

5) Defendants have represented that they have removed and destroyed all infringing marks, changed their business name, and have removed all websites and internet accounts that have used the name "Hyland Premier Properties".

6) Defendants and their respective agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this injunction are hereby restrained and enjoined from:
   a. Directly or indirectly infringing the Trademark or any marks similar thereto, as listed above, in any manner, including generally, but not limited to engaging in services, advertising, or offering to provide any services which infringe said Trademark and specifically:
      i. Knowingly advertising, selling, engaging in, or offering real estate brokerage services as "Hyland Premier Properties" or "Hyland Premier" or otherwise infringing activities which are likely to cause consumer confusion with the Trademarks;

[proposed] CONSENT DECREE ORDER AND PERMANENT INJUNCTION
PROHIBITING THE USE OF NAME "HYLAND PREMIER PROPERTIES"

      ii. Knowingly using any visually identifiable infringing reproduction, copy, counterfeit, or colorable imitation of the name "Hilton & Hyland" or "Hyland" or any variation thereof in connection with the advertising, engagement in and/or offering to engage in any real estate brokerage services;

      iii. Affixing, applying, annexing, or using in connection with the engagement in providing services, advertising, or offering to provide, or other use of any services, a false description or representation, including words of symbols, tending to falsely describe or represent such services as being those of Plaintiff.

7) Plaintiff shall, before bringing an application for contempt pursuant to this Consent Decree, first give Defendants an opportunity to cure the alleged contempt by providing written notice thereof to Defendants or their attorney of record as provided for in the Settlement Agreement. Defendants shall have seven (7) business days from the date of Plaintiff's notice to cooperate in resolving Plaintiff's claim, and to stop using and turn over to Defendants' counsel, if applicable, infringing materials and sourcing documents (to the extent reasonable). Any application brought by Plaintiff shall include a summary statement of evidence documenting such notice and all specific evidence Plaintiff intends to use to establish the trademark infringement claim in the contempt hearing, and provide substantive statement(s) of any witness testimony, which will be used at the hearing.

8) Each side shall bear their own fees and costs of the subject action.

9) The Consent Decree shall be deemed to have been served upon Defendants Hyland Premier Properties; Dennis Hsii; and Vivian Yoon at the time of its execution by the Court.

10) The Court finds there is no just reason for delay in entering this Consent Decree and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court

**[proposed] CONSENT DECREE ORDER AND PERMANENT INJUNCTION PROHIBITING THE USE OF NAME "HYLAND PREMIER PROPERTIES"**

1  directs immediate entry of this Consent Decree and Permanent Injunction against
2  Defendants.
3  11) The Court shall retain jurisdiction of this action to entertain such further
4  proceedings and to enter such further orders as may be necessary or appropriate to
5  implement and enforce the provisions of this Consent Decree and Permanent
6  Injunction.

8  Dated: July 6, 2015                    _____
9                                          JUDGE, UNITED STATES DISTRICT COURT
                                           CENTRAL DISTRICT OF CALIFORNIA,
10                                          ~~CENTRAL~~ **WESTERN** DIVISION